IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ASAMOAH, | : | CASE NO.: 20cv-6590 |
| | : | JUDGE MORRISON |
| *Plaintiff*, | : | MAGISTRATE JOLSON |
| v. | : | |
| CAPSTONE LOGISTICS, LLC, *et. al.*, | : | |
| *Defendants*. | | |

**OPINION AND ORDER**

The Court considers this matter pursuant to a Motion to Certify Order for Interlocutory Appeal for Striking Plaintiff's Motion and Violating his Due Process Rights (ECF No. 8), a Motion to Compel Payments of Expenses (ECF No. 9), and a Motion to Remand the Case to State Court (ECF No. 10) filed by *pro se* Plaintiff Michael Asamoah.

**I.    MOTION TO CERTIFY**

Mr. Asamoah's Motion to Certify takes issue with the Court's January 14, 2021 Notation Order ("Notation Order") issued in case number 19cv-5292 (ECF No. 108) and in case number 19cv-5507 (ECF No. 126). The Notation Order served to correct clerical deficiencies caused by the parties' improper filings of documents intended for this case in case numbers 19cv-5292 and 19cv-5507. The Notation Order struck the improper filings from case numbers 19cv-5292 and 19cv-5507 and instructed that those filings may be properly re-filed in the correct case, 20cv-6590.

1

The Notation Order further directed that filings pertaining to 20cv-6590 shall be filed in that matter only.

Mr. Asamoah argues that the Notation Order violated his due process rights by not permitting him to respond to Defendant's Notice of Removal. He argues that the Notation Order failed to give a reason for striking the filings. He argues that there is no basis for federal jurisdiction in this case such that Defendant Progressive Logistics Services, LLC's removal was improper. He seeks an order allowing him to file an interlocutory appeal of the Notation Order under 28 U.S.C. § 1292(b), which provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

The court "may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation.'" *In re Trump*, 874 F.3d 948, 950-51 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)).

None of those conditions is present here. First, the Notation Order did not violate his due process rights. Mr. Asamoah is free to file his motions and responses

2

in the proper case, 20cv-6590. The Notation Order specifically stated that "ECF Nos. 101, 105, 106 and 107 pertain only to 20cv6590. 20cv65[90] is not consolidated with 19cv5292 and 19cv5507. *Pro se* parties and counsel may re-file ECF Nos. 101, 105, 106 and 107 in 20cv6590. All filings addressing 20cv6590 shall be filed in that case only." (ECF No. 108 in case number 19cv-5292 and ECF No. 126 in case number 19cv-5507). The Notation Order provided a reason for striking the documents, and provided that those documents could be re-filed in the proper case. Whether there were grounds for removal is addressed below in the affirmative. Thus, there is no controlling question of law involving a substantial ground for difference of opinion and an immediate appeal would not materially advance the termination of this litigation. Mr. Asamoah's Motion to Certify is **DENIED**. (ECF No. 8.)

## II. MOTION TO REMAND

Mr. Asamoah's Motion to Remand argues that the Court "should remand this case to the state court because Plaintiff's state Complaint exclusively relies on state laws." *Id.* at 2. By so arguing, he ignores 28 U.S.C. § 1332(a), which endows district courts with original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) Citizens of different States . . . ."

Mr. Asamoah is an Ohio resident. Defendant Capstone Logistics, LLC's principal place of business is in Georgia and it is incorporated in Delaware. Defendant Progressive Logistics Services, LLC's principal place of business is in

3

Georgia and is incorporated in Georgia. No member of Capstone's or Progressive's LLCs are from Ohio. (ECF No. 1 at ¶ 11.) The parties are diverse. The amount in controversy aspect is also met, as Mr. Asamoah seeks $25 million in damages. (ECF No. 1-1.) Thus, the requirements for diversity jurisdiction are satisfied and Mr. Asamoah's Motion to Remand is **DENIED**.

### III.  MOTION TO COMPEL PAYMENTS

Mr. Asamoah's Motion to Compel, filed under 28 U.S.C. § 1447, seeks an award of his fees and costs relative to his Motion for Remand. (ECF No. 9 at 1.) Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court declines to issue a remand order above. As such, no award of fees or expenses may be considered. The Motion to Compel (ECF No. 9) is **DENIED**.

### IV.  CONCLUSION

Mr. Asamoah's Motion to Certify, Motion for Remand, and Motion to Compel (ECF Nos. 8, 9, 10) are **DENIED**.

**IT IS SO ORDERED**.

s/ Sarah D. Morrison<br>
**SARAH D. MORRISON**<br>
**UNITED STATES DISTRICT JUDGE**

4