IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL ASAMOAH,

        Plaintiff,

v.                                 Civil Action 2:20-cv-6590
                                    Judge Sarah D. Morrison
                                    Magistrate Judge Jolson

THE SYGMA NETWORK, INC. *et al.*,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on a number of motions. For the reasons that follow, Plaintiff's Motion to Remand to State Court (Doc. 15) and Second Motion for Default Judgment (Doc. 14) are **DENIED**. Plaintiff's Motion to Strike Notice of Removal (Doc. 13) and Motion for Reconsideration (Doc. 16) are **DENIED**.

**I.    BACKGROUND**

As this Court has repeatedly noted, Plaintiff, in this and his related cases, refuses to comply with the Court's directives. (*See Asamoah v. Capstone Logistics, LLC et al.*, 2:20-cv-5507-SDM-KAJ (S.D. Ohio); *Asamoah v. The Sygma Network, Inc.*, 2:19-cv-5292-SDM-KAJ (S.D. Ohio)). By this point, Plaintiff is well aware of his obligation to litigate this case in good faith and to refrain from contumacious conduct. Yet he has not corrected course. For example, in one of his cases, 2:19-cv-5292, Plaintiff continued to file numerous discovery motions despite the Court's clear

1

direction otherwise. This conduct resulted in the Court ordering Plaintiff to pay $7,986.75 in attorney fees.

## II. DISCUSSION

It appears we are back at square one. Plaintiff has again filed numerous non-meritorious motions, including a second Motion to Remand (Doc. 15), a Motion to Strike (Doc. 13), a Motion for Default Judgment (Doc. 14), and a Motion for Reconsideration (Doc. 16). As the ensuing discussion illustrates, each motion fails on the merits and serves as yet another reminder of Plaintiff's improper conduct and bad faith. Plaintiff has shown that this case must now be managed differently. As explained below, should his conduct continue, the Court will impose appropriate consequences.

### A. Motions to Strike and Remand (Docs. 13, 15)

First, Plaintiff asserts that this case involves only state law claims, and therefore this Court lacks jurisdiction. (Doc. 15). He thus moves to strike Defendants' Notice of Removal (Doc. 1) and to remand this matter back to state court. (Docs. 13, 15).

Plaintiff's Motion to Strike is procedurally improper. As the Federal Rules dictate, motions to strike apply only to pleadings—not a notice of removal. *Shell v. Ohio Family Rights*, No. 1:15CV1757, 2016 WL 4523830, at *2 (N.D. Ohio Aug. 29, 2016) (collecting cases and citing Fed. R. Civ. P. 12(f); Fed. R. Civ. P .7(a)). Accordingly, Plaintiff's Motion to Strike (Doc. 13) is **DENIED**.

2

As for his Motion to Remand, Plaintiff has already tried this and failed. In denying his first Motion to Remand (Doc. 10), the Court found "the requirements for diversity jurisdiction [under 28 U.S.C. § 1332(a)] [were] satisfied." (Doc. 12 at 4). Specifically, the parties are diverse and the amount in controversy exceeds the threshold amount. (*Id.*). Plaintiff has not raised any new or meritorious arguments, and the Court's finding regarding jurisdiction (*see id.*) remains unchanged. Thus, Plaintiff's second Motion to Remand (Doc. 15) is **DENIED**.

### B. Motion for Default Judgment (Doc. 14)

Additionally, Plaintiff requests that the Court enter default judgment against Defendants Capstone Logistics, LLC and Progressive Logistics Services, LLC. (Doc. 14). Notably, this is not Plaintiff's first time seeking an inappropriate default judgment. In 2:19-cv-5507, the Court denied Plaintiff's Motion for Default Judgement against all Defendants, as each had timely filed its answer to his complaint. Here, he asserts that Defendants allegedly failed to timely respond to his complaint, so default judgment is appropriate. Not so. Defendants filed a timely Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. So there is no basis for Plaintiff's Motion for Default Judgment, and it is **DENIED** as a result.

### C. Motion for Reconsideration (Doc. 16)

Plaintiff seeks reconsideration of the Court's January 25, 2021 Opinion and Order because that Order is "unjust, harsh and unfair." (Doc. 16 at 1.) Simply

assigning adjectives to a court order is not grounds for reconsideration. This motion is **DENIED**.

### D. Plaintiff's Filing Conduct

Plaintiff has made clear that he does not intend to litigate this matter in good faith. Over the past year, Plaintiff has filed at least four actions in this Court against his former employers, alleging he suffered discrimination. *See Asamoah v. Amazon.com Servs., Inc.*, 2:21-cv-00003-ALM-EPD (S.D. Ohio); *Asamoah v. Tigerpoly Mfg., Inc.*, 2:20-cv-05376-ALM-KAJ (S.D. Ohio); *Asamoah v. Capstone Logistics, LLC et al.*, 2:20-cv-5507-SDM-KAJ (S.D. Ohio); *Asamoah v. The Sygma Network, Inc.*, 2:19-cv-5292-SDM-KAJ (S.D. Ohio). His duplicitous filings in each case demonstrate an intentional pattern of delay and frustration. These filings have taken up much of the Court's and the parties' time and resources. "While the Court is very tolerant of legal filings from *pro se* litigants, its tolerance is not without limits." *U.S. v. Rotnem*, 5:16-cr-388, 2020 WL 2063408, at *2 (N.D. Ohio Apr. 29, 2020). The Court has a responsibility to "protect [its] jurisdiction from conduct which impairs the ability to carry out Article III functions," *Douglas v. City of Cleveland*, 1:12-cv-1145, 2012 WL 4753365 (N.D. Ohio Oct. 4, 2012), and to "prevent litigants from unnecessarily consuming judicial resources needed by others," *Rotnem*, 2020 WL 2063408, at *2. To enable them to do so, district courts have discretion to "enjoin[] vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings." *Id.* (citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). Should Plaintiff continue to file duplicitous, frivolous, and harassing motions,

4

Plaintiff will be enjoined from filing any new motions or documents without first seeking and obtaining leave of Court.

### III. CONCLUSION

In accordance with the discussion above, Plaintiff's Motion to Remand to State Court (Doc. 15) and Second Motion for Default Judgment (Doc. 14) are **DENIED**. Further, Plaintiff's Motion to Strike Notice of Removal (Doc. 13) and Motion for Reconsideration (Doc. 16) are **DENIED**.

**IT IS SO ORDERED**.

s/ Sarah D. Morrison<br>
**SARAH D. MORRISON**<br>
**UNITED STATES DISTRICT JUDGE**