UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL ASAMOAH,

        Plaintiff,                     Civil Action 2:20-cv-6590

v.                                     Judge Sarah D. Morrison
                                         Magistrate Judge Jolson

CAPSTONE LOGISTICS, LLC, *et al.*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 23). The motion practice in this case began when Defendants filed a Motion to Dismiss. (ECF No. 6). Plaintiff filed a Memorandum in Opposition to that Motion (ECF No. 11) and Defendants Replied. (ECF No. 17). The Court then converted the Motion to Dismiss to a Motion for Summary Judgment. (ECF No. 20). In doing so, the Court granted all parties fourteen days to file all materials pertinent to the Motion as converted. (*Id.*). In response, Plaintiff did not file additional material, but Defendants filed a Motion for Summary Judgment. (ECF No. 23). The Motions are ripe for decision.

    **I.    Procedural Background**

This is not the first suit that Mr. Asamoah has filed against Defendants Capstone Logistics, LLC and Progressive Logistics Services, LLC. He previously filed suit against these two defendants in this Court in the matter captioned *Asamoah v. Capstone Logistics, LLC, et al.*, Case Number 2:19cv-5292. In that

1

action, Asamoah alleged claims for: (1) Age Discrimination under the Age Discrimination in Employment Act of 1967; (2) Race Discrimination under Title VII of the Civil Rights Act of 1964; (3) Disability Discrimination under the Americans With Disabilities Act; and (4) Intentional Infliction of Emotional Distress. (Case No. 2:19cv-5292, ECF No. 1.)

Less than two weeks after he filed that suit, he also instituted *Asamoah v. The Sygma Network, Inc., et al.*, Case Number 2:19cv-5507. That suit was consolidated with Mr. Asamoah's suit against Capstone and Progressive because the two suits were based on the same factual allegations, including Mr. Asamoah's allegation that Capstone Logistics was an agent of Sygma. *See, Asamoah v. The Sygma Network, Inc., et al.*, Case Number 2:19cv-5507 (ECF Nos. 28, 34).

The Court granted summary judgment on all claims to the Defendants in the consolidated cases (Case No. 19cv-5507, ECF No. 108; Case No. 19cv-5292, ECF No. 89) and Mr. Asamoah has filed notices of appeal. (Case No. 19cv-5507, ECF Nos. 137, 138; Case No. 19cv-5292, ECF Nos. 119, 120). Five days after the Court granted summary judgment, Asamoah filed another suit against Capstone and Progressive in the Franklin County Ohio, Court of Common Pleas. (Case No. 20cv-6590, ECF No. 1). That suit was removed by Defendants and is the current case before the Court. (Case No. 20cv-6590, ECF No. 1). In this new action, Asamoah alleges claims for: (1) Disability Discrimination under the Ohio Civil Rights Act; (2) Race Discrimination under Ohio Revised Code 4112; (3) Wrongful Discharge in

2

violation of public policy; and (4) Intentional Infliction of Emotional Distress. (Case No. 20cv-6590, ECF No. 3).

**II.  Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

**III.  Analysis**

The doctrine of res judicata consists of two components: claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *see also Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995) (citing 1 Restatement of the Law 2d, Judgments §§ 24–25 (1982)) (Under the doctrine of *res judicata*, a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the

3

previous action."). The doctrine operates to prevent "'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor*, 553 U.S. at 892 (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979)). A claim or issue will be precluded when the following factors are satisfied:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Rawe v. Liberty Mut. Fire Ins.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

Defendants contend that all four factors have been satisfied, claim preclusion applies, and that summary judgment is proper. This Court reviews the four-factor analysis below and agrees.

The first and second questions are both answered in the affirmative here. There was a final decision on the merits when this Court entered summary judgment against Mr. Asamoah in favor of Defendants in the consolidated cases discussed above. Those cases involve the same parties or their privities.

Third, one of Asamoah's current claims (his intentional infliction of emotional distress claim) was actually litigated in the prior action. His other current claims are nearly identical to the claims asserted in the previous actions, all of the claims are employment discrimination claims, the only difference is that he is now citing

4

violations of Ohio law and public policy as opposed to federal laws. These state law and policy claims could have been asserted in the previous action.

Fourth and finally, this suit and the earlier consolidated cases involve the same common facts and allegations – both actions arise out of Mr. Asamoah's employment with Defendants.

In summary, this Court finds that all necessary elements for the application of the res judicata doctrine are present. There is no genuine issue of material fact, and Defendants are entitled to summary judgment because Plaintiff's Complaint is barred by the doctrine of *res judicata*. Defendant's Motion for Summary Judgment is **GRANTED**. (ECF No. 23.)

### IV.  Defendants' Request that Plaintiff's Ability to file Further Pleadings be Limited

As part of their Motion to Dismiss, Defendants request that the Court entire an order limiting Mr. Asamoah's ability to file further pleadings and actions (ECF No. 6, PageID 55, 61). Mr. Asamoah's Memorandum Contra does not address this request. (ECF No. 11).

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Johnson v. University Housing*, No. 2:06-cv-628, 2007 WL 4303728, at *12 (S.D. Ohio Dec. 10, 2007) (Holschuh, J.) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986)). The Sixth Circuit Court of Appeals has upheld the imposition of prefiling restrictions on

5

vexatious litigators. *Id.* (collecting cases). Given the extensive number of repetitive and unnecessary pleadings and other filings in this case, in the previous consolidated cases, and in two additional cases recently filed[1] by Mr. Asamoah, and given his demonstrated willingness to file repetitive and baseless motions that strain judicial bandwidth, the Court finds it appropriate to declare Mr. Asamoah a vexatious litigator.

Mr. Asamoah is **DEEMED A VEXATIOUS LITIGATOR** and is **ENJOINED** from filing any new actions without either (i) submitting a statement from an attorney licensed to practice in this Court or the State of Ohio certifying that there is a good faith basis for the claims Mr. Asamoah seeks to assert, or (ii) tendering a proposed complaint for review by this Court prior to filing. He is further **ORDERED** to include the captions and case numbers of all of his prior actions with any complaint filed in this or any other court.

## V. CONCLUSION

Defendants' Motion for Summary Judgment is **GRANTED**. (ECF Nos. 6 and 23).

Further, Mr. Asamoah is **DEEMED A VEXATIOUS LITIGATOR** and is **ENJOINED** from filing any new actions without either (i) submitting a statement

---

[1] On July 28, 2021, Mr. Asamoah filed *Asamoah v. The Sygma Network, Inc.*, Case Number 2:21-cv-4026 and on July 29, 2021 he filed *Asamoah v. Capstone Logistics, LLC*, Case Number 2:21-cv-4039. He seeks leave to proceed *in forma pauperis* in both of those actions. The Court has reviewed his proposed complaints in those cases, and they involve the same common facts and allegations arising out of Mr. Asamoah's employment for Capstone and Progressive.

from an attorney licensed to practice in this Court or the State of Ohio certifying that there is a good faith basis for the claims Mr. Asamoah seeks to assert, or (ii) tendering a proposed complaint for review by this Court prior to filing. It is further **ORDERED** that Mr. Asamoah must include the captions and case numbers of all his prior actions, should he file a complaint in this or any other court.

This case is **DISMISSED**. The Clerk is **DIRECTED** to terminate it from the docket of the United States District Court for the Southern District of Ohio and to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**